# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MADELEINE BUKASA,**<br><br>Plaintiff,<br><br>v.<br><br>**QUANTA MANUFACTURING NASHVILLE LLC,**<br><br>Defendant. | No. _____<br><br>**JURY DEMAND** |

## **COMPLAINT**

For her Complaint against Defendant Quanta Manufacturing Nashville LLC ("Quanta" or "Defendant") under the Americans with Disabilities Act of 1990, as amended ("ADA"), Plaintiff Madeleine Bukasa ("Bukasa" or "Plaintiff") states as follows:

## INTRODUCTION

1. Plaintiff files this action to remedy Defendant's violations of the ADA.

2. Quanta the ADA by, among other things, discriminating against Bukasa based on her disability, failing to accommodate her disability, and retaliating against her for asserting her rights under the ADA.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331. Plaintiff's claims arise under the laws of the United States, namely the ADA.

4. This Court has personal jurisdiction over Quanta; it employs individuals in this District.

5. Bukasa has satisfied all jurisdictional prerequisites to bringing this action. Specifically, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") regarding her ADA claims.

6. EEOC issued Bukasa a right-to-sue letter on her Charge of Discrimination less than 90 days prior to Bukasa filing this action.

7. Venue is proper in this Court for Plaintiff's ADA claims under 42 U.S.C. § 2000e-5(f)(3). *See* 42 U.S.C. § 12117(a). Bukasa would have continued working for Quanta in this District but for her termination.

## PARTIES

8. Bukasa is an individual; she resides in Davidson County, Tennessee.

9. Quanta is a for-profit corporation, organized under the laws of Wyoming and registered to do business in Tennessee.

10. Defendant's registered agent for service of process is Incorporating Services, Ltd., Inc., Suite B, 992 Davidson Drive, Nashville, TN 37205.

11. At all relevant times, Bukasa was an employee of Quanta under the ADA.

12. At all relevant times, Quanta was Bukasa's employer under the ADA.

## FACTS

13. Plaintiff began working for Quanta directly in approximately September 2022, following a six-month temporary placement with the company.

14. Bukasa's role with Defendant was Quality Control Agent.

15. Plaintiff remained employed with Quanta until Defendant terminated her employment in approximately January 2023.

16. Bukasa suffers from diabetes.

17. Plaintiff's diabetes constitutes a disability or perceived disability under the ADA.

18. Bukasa's diabetes substantially limits major life activities in various ways, including but not limited to by limiting the functionality of her urinary system, which requires her to need to use the restroom frequently while working.

19. At all relevant times, Quanta knew of Plaintiff's disability. Specifically, in approximately September 2022, Bukasa orally informed her supervisor, Theresa Murphy, that she had diabetes. In approximately October 2022, Plaintiff presented Murphy with a doctor's note concerning her diabetes.

20. Plaintiff requested a reasonable accommodation of her disability under the ADA, namely requesting from Murphy authorization to visit the restroom outside of her scheduled breaks due to her diabetes.

21. Bukasa's request for a reasonable accommodation is protected activity under the ADA.

22. After Bukasa requested a reasonable accommodation under the ADA, Defendant failed to engage in the required interactive process or grant Plaintiff's reasonable accommodation request.

23. In approximately January 2023, Plaintiff went to the restroom outside of her scheduled break time while working.

24. Despite knowing of Bukasa's disability and request for a reasonable accommodation, Murphy accused Plaintiff of "stealing time" from the company by going to the restroom outside of her scheduled break time and presented Plaintiff with a write up for allegedly stealing time.

25. Murphy knew that Bukasa was not stealing time from Quanta. The stated reason for the write up was a pretext for disability discrimination.

26. Plaintiff refused to sign the write up because she was not stealing time and because she had requested the reasonable accommodation of additional restroom breaks due to her disability.

27. Plaintiff's refusal to sign the write up is protected activity under the ADA.

28. Quanta fired Bukasa for refusing to sign the pretextual write up.

29. Defendant's termination of Plaintiff's employment was a pretext for disability discrimination and retaliation for Bukasa asserting her rights under the ADA.

## COUNT I
### Disability Discrimination, Failure to Accommodate, and Retaliation

30. Plaintiff incorporates by reference all prior allegations in this Complaint.

31. Plaintiff's diabetes is a disability under the ADA or was perceived as a disability by Quanta.

32. Plaintiff's diabetes tumor substantially limits one or more life activities, including but not limited to limiting her urinary system such that she requires more frequent restroom breaks.

33. Plaintiff was qualified for her role at Quanta with or without a reasonable accommodation.

34. Defendant an adverse-employment action against Plaintiff, namely terminating her employment.

35. At all relevant times, Quanta knew or had reason to know about Plaintiff's disability or perceived her to have a disability.

36. On information and belief, Quanta either replaced Plaintiff with a person who is not disabled under the ADA or did not replace her at all.

37. Defendant's discriminatory termination of Plaintiff caused her damages, including compensatory damages, back pay, front pay, costs, and attorneys' fees.

38. Bukasa was disabled under the ADA.

39. Plaintiff requested a reasonable accommodation from Quanta.

40. Bukasa was otherwise qualified for her role with Defendant despite her diabetes, either without or without an accommodation.

41. Quanta did not grant Plaintiff a reasonable accommodation.

42. Defendant's failure to accommodate Bukasa's disability caused her damages, including compensatory damages, back pay, front pay, costs, and attorneys' fees

43. Plaintiff engaged in activities protected by the ADA, including but not limited to informing Quanta of her disability and requesting a reasonable accommodation.

44. Defendant knew about Plaintiff's protected activities.

45. Quanta an adverse-employment action against Plaintiff, namely terminating her employment.

46. There is a causal connection between Plaintiff's ADA–protected activities and Defendant's subsequent adverse action.

47. Quanta's retaliation against Plaintiff caused her damages, including compensatory damages, back pay, front pay, costs, and attorneys' fees.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff prays for the following relief from this Court:

A. Awarding Plaintiff all damages to which she is entitled under the ADA;

B. Requiring Defendant to pay all the attorneys' fees Plaintiff incurs to bring and to maintain this action;

C. Requiring Defendant to pay the costs and expenses of this action;

D. Requiring Defendant to pay pre-judgment and post-judgment interest as provided by law; and

E. Granting Plaintiff such other, further, and general relief to which she may be entitled.

Date: October 10, 2023

Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (TN BPR # 018965)
/s/ *Melody Fowler-Green*
Melody Fowler-Green (TN BPR # 023266)
/s/ *N. Chase Teeples*
N. Chase Teeples (TN BPR # 032400)
YEZBAK LAW OFFICES PLLC
P.O. Box 159033
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
mel@yezbaklaw.com
teeples@yezbaklaw.com

*Counsel for Plaintiff*